**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

CAROL G.,

                       Plaintiff,

     v.                                                                       1:21-CV-347
                                                                                       (DJS)

KILOLO KIJAKAZI, *Acting
Commissioner of Social Security*,

                       Defendant.
_____

**APPEARANCES:**                                                   **OF COUNSEL:**

CAROL G.
Plaintiff, *Pro Se*
Catskill, New York 12414

U.S. SOCIAL SECURITY ADMIN.                    LUIS PERE, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART
United States Magistrate Judge**

# MEMORANDUM-DECISION AND ORDER[1]

Plaintiff *pro se*, Carol G., brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 18 & 21. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1979. Dkt. No. 15, Admin. Tr. ("Tr."), p. 36. Plaintiff reported completing two years of college education. Tr. at p. 170. She has past work experience as a receptionist, phone clerk, lab technician, cashier, and in collections. *Id.* Plaintiff alleges disability based upon psoriatic arthritis, HLA-B27 positive, lumbar degenerative disc disease, right knee congenital abnormality, and right ring and middle trigger fingers. Tr. at p. 169. Plaintiff applied for disability insurance benefits in November 2016. Tr. at pp. 84 & 151-152. She alleged a disability onset date of November 1, 2009, which was later amended to May 18, 2008. Tr. at pp. 32 & 165. Plaintiff's application was initially denied on January 20, 2017. Tr. at pp. 89-99.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at p. 101. Plaintiff appeared at a hearing before ALJ John Farrell on August 14, 2018, at which she and a vocational expert testified. Tr. at pp. 29-76. On October 31, 2018, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 15-23. On January 23, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2012 and that she had not engaged in substantial gainful activity during the period between her amended onset date and her date last insured. Tr. at p. 17. Second, the ALJ found that Plaintiff had the following severe impairments: reactive arthritis following campylobacter infection, irritable bowel syndrome, lumbago, a right knee strain, and surgical tendon repair of the left ankle. Tr. at pp. 17-18. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 19-20. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 C.F.R. 404.1567(a), except that she was able to perform postural activities only occasionally. Tr. at p. 20. Fifth, the ALJ found that

Plaintiff could perform her past relevant work as a collections clerk. Tr. at p. 22. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 23.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

5

> whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. Plaintiff's *Pro Se* Status

Given that Plaintiff is proceeding *pro se* the Court is mindful of its obligation to "engage in a searching inquiry when deciding whether substantial evidence supports an administrative fact finding, whether or not a *pro se* litigant is perceptive enough to identify a specific evidentiary deficiency." *Smith v. Comm'r of Soc. Sec.*, 2014 WL 3392336, at *4 (N.D.N.Y. July 10, 2014) (citing *Monette v. Astrue*, 269 F. App'x 109, 110 (2d Cir. 2008)). In doing so, the Court has held Plaintiff's "pleadings to less stringent standards than formal pleadings drafted by lawyers" and has construed them

6

"to raise the strongest arguments that they suggest." *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016) (internal quotations and citations omitted).

### III. ANALYSIS

Plaintiff raises two specific issues for review. First, she contends that the ALJ erred in not finding that she met Listing 14.09A. Dkt. No. 18, Pl.'s Mem. of Law at pp. 4-7. Second, Plaintiff alleges that the ALJ's RFC determination was not supported by substantial evidence. *Id.* at pp. 7-10.

### A. Listing 14.09

At step three the ALJ specifically considered Listing 14.09, but concluded that Plaintiff did not satisfy the criteria for the listing. Tr. at p. 19. Contrary to the arguments set forth by Plaintiff, Pl.'s Mem. of Law at pp. 4-7, that determination is no basis for remand.

"Step three requires a determination as to 'whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.'" *Rivas v. Barnhart*, 2005 WL 183139, at *19 (S.D.N.Y. Jan. 27, 2005) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)). "For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Plaintiff bears the burden of proof at step three. *Rocco F. v. Comm'r of Soc. Sec.*, 2022 WL 1597765, at *5 (N.D.N.Y. May 19, 2022).

At the time of Plaintiff's claim, Listing 14.09A – inflammatory arthritis – required:

Persistent inflammation or persistent deformity of:

1. One or more major peripheral weight-bearing joints resulting in an inability to ambulate effectively; or

2. One or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movement effectively.

*See* Def.'s Mem. of Law at p. 4 & n. 2.  The ALJ found that there was no evidence that Plaintiff was unable to effectively ambulate or that she could not effectively perform fine and gross movements.  Tr. at p. 19.  Those findings are supported by substantial evidence.

### 1. Ability to Ambulate Effectively

"An inability to ambulate effectively means an extreme limitation of the ability to walk."  *Galente v. Acting Comm'r of Soc. Sec.*, 2018 WL 852113, at *13 (S.D.N.Y. Feb. 12, 2018) (internal quotation omitted).

Plaintiff's papers suggest two primary arguments in support of her position that she meets this listing.  One is her repeated diagnosis with arthritic conditions, the other her need to use a cane.  Pl.'s Mem . of Law at pp. 4-7.  Neither is sufficient to carry her burden of proof.

As to the first, the law is clear that a mere diagnosis alone is insufficient to carry the burden of showing that a condition meets or equals a listing impairment. *Rocco F. v. Comm'r of Soc. Sec.*, 2022 WL 1597765, at *5.

As to the second, while Plaintiff admittedly often requires the use of a cane, that alone is insufficient to establish an inability to ambulate effectively. "District courts in this Circuit have therefore noted that an inability to ambulate effectively requires that a claimant need a walker, two crutches, or two canes to assist in walking." *Stephanie F. v. Kijakazi*, 2022 WL 3355964, at *8 (N.D.N.Y. Aug. 15, 2022) (internal quotation omitted) (citing cases). "[A]mbulation with a single cane is not enough to demonstrate ineffective ambulation." *Galente v. Acting Comm'r of Soc. Sec.*, 2018 WL 852113, at *14 (citing cases). There is no evidence in the record that Plaintiff needed the use of two canes.

Nor does the record as a whole establish that the ALJ erred in this conclusion. The record establishes that at the time of Plaintiff's initial arthritis diagnosis she was having significant difficulty walking, but that she was doing much better within months. Treating providers noted that she was doing well and that medication was effective in assisting with her condition. *See* Tr. at pp. 375, 498, 724, 1072, 1076, & 1081. Plaintiff's recitation of facts regarding her condition, Pl.'s Mem. of Law at pp. 4-7, does not require a different result. The evidence cited by the Plaintiff was in the record considered by the ALJ who concluded that it did satisfy the listing requirement. "Plaintiff's argument fails to persuasively articulate that the medical evidence

9

substantiates that [her] impairments in combination meet or medically equal the severity of a listed impairment. In considering this argument, the Court declines any invitation to reweigh the evidence before the ALJ." *Kennedy H. v. Comm'r of Soc. Sec.*, 2018 WL 10086334, at *9 (N.D.N.Y. Aug. 29, 2018).

*2. Ability to Perform Fine or Gross Motor Movement*

The inability to perform fine or gross motor movement is characterized by an "extreme loss of function of both upper extremities." *Dutcher v. Colvin*, 2014 WL 295776, at *2 (N.D.N.Y. Jan. 27, 2014). "[E]xamples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level." *Murray v. Comm'r of Soc. Sec.*, 2014 WL 4199725, at *13 (E.D.N.Y. Aug. 21, 2014). The ALJ's conclusion that Plaintiff had not made such a showing is supported by substantial evidence.

Physical examinations of Plaintiff showed that she frequently demonstrated a full range of motion in her upper extremities, good grip strength, and normal finger and hand dexterity. *See* Tr. at pp. 499, 724, 1079, & 1081. While Plaintiff has evidence in the record demonstrating that she suffered at some times from swelling in her wrists which limited her range of motion, Tr. at p. 371, this appears to have been fairly limited in time. *See* Tr. at pp. 20-21 (discussing medical record). It was, in any event, for the ALJ to resolve conflicts in the medical record. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir.

2002). The record demonstrates that the ALJ properly considered the record and his conclusions regarding Plaintiff's functional limitations are supported by substantial evidence in the record.

### B. The RFC Determination

Plaintiff also objects to the ALJ's RFC finding – specifically alleging that it was erroneous because it failed to provide limitations on Plaintiff's ability to use her right wrist and hand, despite frequent pain and swelling and because it failed to accommodate Plaintiff's need for frequent bathroom breaks. Pl.'s Mem. of Law at pp. 7-11. Neither requires remand.

The objective medical record does not support a finding that Plaintiff's right hand or wrist created a condition that needed to be accommodated in the RFC. As discussed above, medical records repeatedly found her to have "good grip strength" and "good range of motion in both hands [and] wrists." Tr. at p. 499; *see also* Tr. at pp. 724, 1079. The record does document instances of discomfort in her hand and writs, *see*, *e.g.*, Tr. at p. 1081, but the manner in which the medical evidence is weighed is properly the role of the ALJ, not the Court. *Ryan W. v. Comm'r of Soc. Sec.*, 2022 WL 813934, at *5 (N.D.N.Y. Mar. 17, 2022). Plaintiff's Memorandum of Law on this point cites to no evidence upon which she relies to establish the severity of hand or wrist pain that needed to be accommodated in the RFC. Pl.'s Mem. of Law at pp. 8-11.

Plaintiff's brief focuses more heavily on documenting Plaintiff's history of gastrointestinal problems. *Id.* While the record citations offered by Plaintiff support a

11

finding of repeated bouts of loose stools and diarrhea, Plaintiff cites to no medical opinion, and the Court has identified none, that states Plaintiff needed a vocational accommodation for bathroom breaks. The ALJ relied on a medical report noting only "intermittent diarrhea." Tr. at pp. 21 & 1169. To the extent Plaintiff claimed that this caused a disabling condition, the ALJ found this subjective complaint not consistent with the record. Tr. at pp. 22-23. Plaintiff has not challenged that finding here. Here, "the medical record evidence simply does not support or corroborate [Plaintiff's] statements regarding the frequency, duration, or predictability of her bathroom visits." *Breyette v. Comm'r of Soc. Sec.*, 2014 WL 2533162, at *3 (N.D.N.Y. June 5, 2014); *see also Ayesha W. v. Comm'r of Soc. Sec.*, 2022 WL 1308166, at *13 (W.D.N.Y. May 2, 2022). Substantial evidence thus supported omitting any related limitation from the RFC.

"Ultimately, it is Plaintiff who bears the burden of demonstrating functional limitations that preclude performance of any substantial gainful activity." *Ayesha W. v. Comm'r of Soc. Sec.*, 2022 WL 1308166, at *13. Plaintiff has not met that burden here.

### C. Other Considerations

In light of Plaintiff's pro se status, the Court has considered other potential grounds for remand, *Smith v. Comm'r of Soc. Sec.*, 2014 WL 3392336, at *4, but finds none. The ALJ's findings at steps one and two of the sequential analysis were favorable to Plaintiff and no basis for remand. The ALJ's conclusion that Plaintiff could perform her past relevant work is supported by substantial evidence and thus not a basis for

remand. The vocational expert testified that an individual with the RFC found by the ALJ – sedentary work with postural activities limited to only occasion – could perform Plaintiff's past work as a collections clerk. Tr. at p. 73.

> When utilizing a VE, the ALJ poses hypothetical questions which must reflect the full extent of the claimant's capabilities and impairments to provide a sound basis for the VE's testimony. When a hypothetical question meets that requirement, and is supported by substantial evidence, VE testimony suffices as substantial evidence to support a step five finding.

*Boyer v. Berryhill*, 2017 WL 1207833, at *5 (N.D.N.Y. Mar. 31, 2017) (citations omitted); *see also Sontz v. Colvin*, 2016 WL 4444876, at *7 (N.D.N.Y. Aug. 23, 2016) ("An ALJ may rely on a VE's testimony regarding the availability of work as long as the hypothetical facts the expert is asked to consider are based on substantial evidence and accurately reflect the plaintiff's limitations."). The hypotheticals posed to the VE were consistent with the properly supported RFC. *See* Point III(B) *supra*. The testimony of a vocational expert provides substantial evidence for this finding.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

13

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: August 26, 2022
      Albany, New York

*/s/ Daniel J. Stewart*
Daniel J. Stewart
U.S. Magistrate Judge